IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 01-10061-T-An |
| | ) | |
| FRANKLIN HALE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION FOR RELEASE ON BOND PENDING APPEAL

Defendant has moved the court for an order allowing him to remain on bond pending his appeal. The Government has responded to the motion. For the reasons set forth below, Defendant's motion is DENIED.

Section 3143(b) of Title 18 of the United States Code provides as follows:

b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The statute creates a presumption against release pending appeal. United States v. Vance, 851 F.2d 166, 168-69 (6th Cir.), *cert. denied,* 488 U.S. 893 (1988).

In United States v. Pollard, 778 F.2d 1177 (6th Cir. 1985), the Court of Appeals looked at § 3143(b)(2) and found that a district court has to make two findings to justify releasing a defendant on bond pending appeal: (1) that the convicted person will not flee or pose a danger to the community if the court grants bail; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial. In Pollard, the Court of Appeals adopted the definition of substantial question set forth by the Eighth Circuit in United States v. Powell, 761 F.2d 1227 (8th Cir. 1985). The Eighth Circuit held that an appeal raises a substantial question when the appeal presents a "close question or one that can go either way," and that the question is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Powell, 761 F.2d at 1233-34; Pollard, 778 F.2d at 1182.

In the present case, the court does not reach the issue of whether Defendant is likely to flee or is a danger to others or to the community because Defendant has not presented any facts or law to show that his appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial" or will result in a sentence that does not include a term of imprisonment for Defendant or a term of imprisonment less than the time already served plus the expected duration of the appeal. The mere possibility that Defendant could prevail on appeal or a post-conviction relief petition is not sufficient to satisfy the

requirements of § 3143(b)(1).

Because Defendant has not met the statutory requirements for release pending his appeal, Defendant's motion is DENIED.

IT IS SO ORDERED.

                                   s/ **James D. Todd**
                                   JAMES D. TODD
                                   UNITED STATES DISTRICT JUDGE